J-S46041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GLENFORD THOMPSON, | : | |
| | : | |
| Appellant | : | No. 2915 EDA 2014 |

Appeal from the PCRA Order entered on September 8, 2014
in the Court of Common Pleas of Chester County,
Criminal Division, No. CP-15-CR-0004718-2000

BEFORE: MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 17, 2015**

Glenford Thompson ("Thompson"), *pro se*, appeals from the Order dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

Thompson was involved in a large-scale organization that trafficked large amounts of marijuana in Chester County and southeastern Pennsylvania. In 1999 and 2000, police investigated the organization by conducting controlled buys and surveillance. In September 2000, the Commonwealth charged Thompson with corrupt organizations, criminal conspiracy, aggravated assault, recklessly endangering another person ("REAP"), criminal use of a communication facility, receiving stolen property, possession of drug paraphernalia, as well as multiple counts of possession with intent to deliver a controlled substance ("PWID").

---
[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

In April 2002, the matter proceeded to a jury trial, at the close of which the jury found Thompson guilty of all charges. The trial court imposed an aggregate sentence of 25 to 35 years in prison, plus over $250,000 in fines. Relevant to this appeal, the trial court imposed, on Thompson's numerous PWID convictions, mandatory minimum sentences (of between 2 to 5 years in prison, respectively), pursuant to 42 Pa.C.S.A. § 7508 (governing mandatory minimum sentences, and fines, for certain drug trafficking offenses where the weight of the drug possessed exceeded a certain amount).[2] This Court affirmed Thompson's judgment of sentence, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Thompson*, 848 A.2d 1007 (Pa. Super. 2004), *appeal denied*, 860 A.2d 489 (Pa. 2004).

Following Thompson's filing of his first PCRA Petition, and this Court's affirmance of the PCRA court's Order denying the same,[3] Thompson filed the instant *pro se* PCRA Petition on May 9, 2014. Shortly thereafter, Thompson filed an Amended PCRA Petition, and a Supplemental Amended PCRA Petition. In July 2014, the PCRA court gave Thompson Notice of its intention to dismiss his Petition without a hearing, pursuant to Pa.R.Crim.P. 907.

---

[2] Section 7508 provides, in pertinent part, that "[p]rovisions of this section shall not be an element of the crime[,]" and that, in order for any mandatory minimum sentence under section 7508 to apply, the court must determine at sentencing, *by a preponderance of the evidence*, that the requirements were met. 42 Pa.C.S.A. § 7508(b).

[3] *See Commonwealth v. Thompson*, 909 A.2d 888 (Pa. Super. 2006) (unpublished memorandum).

- 2 -

Thompson filed a timely, *pro se* Response to the 907 Notice. On September 8, 2014, the PCRA court entered an Order dismissing Thompson's second PCRA Petition. Thompson timely filed a *pro se* Notice of Appeal, after which the PCRA court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Thompson timely filed a Concise Statement.

On appeal, Thompson presents the following issues for our review:

I. Whether the PCRA court erred as a matter of law and Constitution [*sic*] in dismissing [Thompson's] PCRA [Petition] and illegal sentencing claim challenging the constitutionality of Pennsylvania's mandatory minimum sentence under 42 Pa.C.S.A. § 9545(b)(1)(ii)[, *i.e.*, the PCRA's] newly discovered [facts] exception, concerning a] newspaper article and [Thompson's] discovering that [the] Chester County Court of Common Pleas has declared mandatory sentencing provisions unconstitutional following our United States Supreme Court's holding in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013)[,] and this honorable Court's holding in ***Com***[***monwealth***] ***v. Munday***, 78 A.3d 661 (Pa. Super. 2013)[,] and [the] recent decision in ***Com***[***monwealth***] ***v.*** [] ***Newman***, 99 A.3d 86 (Pa. Super. 2014) [(*en banc*)], where it noted in *dicta*, that [42 Pa.C.S.A. §] 9712.1[4] is no longer constitutionally sound in light of ***Alleyne***?

II. Whether the PCRA court erred as a matter of law and Constitution [*sic*] in dismissing [Thompson's] PCRA [Petition] and illegal sentencing claim challenging the constitutionality of Pennsylvania's mandatory minimum sentence under 42 Pa.C.S.A. § 9712.1 as untimely without reviewing and addressing [Thompson's] claim under a writ of *habeas corpus*?

III. Whether [Thompson's] mandatory sentence is illegal?

---

[4] Thompson alleges that in the instant case, the trial court also imposed a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712.1 (sentences for certain drug offenses committed with firearms), based upon Thompson's having possessed a gun during the one or more of the drug transactions.

Brief for Appellant at 4 (footnote added, capitalization omitted). We will address Thompson's issues simultaneously, as they all concern whether his mandatory minimum sentences are unconstitutional based upon **Alleyne** and its progeny.

In reviewing an order dismissing a PCRA Petition, we examine whether the PCRA court's determination is supported by the record and free of legal error. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Thompson concedes that his PCRA Petition is facially untimely, as it was filed approximately nine years late. Brief for Appellant at 10-11.

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the timeliness exceptions: (i) the failure to raise the claim was the result of government interference; (ii) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (iii) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (collectively "the timeliness exceptions"). Any PCRA

petition invoking one of the timeliness exceptions must be filed within sixty days of the date the claim could have been presented. *Id*. § 9545(b)(2).

In his PCRA Petition and appellate brief, Thompson has invoked only one of the timeliness exceptions: the newly discovered facts exception. The new "facts" upon which Thompson relies are two local newspaper articles discussing the impact that *Alleyne* had on certain mandatory minimum sentencing statutes in Pennsylvania.[5] *See* Brief for Appellant at 11-12 (relying upon *Commonwealth v. Riviera*, 939 A.2d 355 (Pa. Super. 2007) (where the defendant was convicted for selling a large amount of cocaine to an undercover detective, on direct appeal, this Court vacated the judgment of sentence and remanded the case for an evidentiary hearing based on after-discovered evidence – a newspaper article – showing that the police chemist who had testified as to the weight of the cocaine and chain of custody had been charged with stealing drugs from the police lab for her personal use)). In actuality, the timeliness exception that is relevant to Thompson's claims is the "newly recognized constitutional right" exception,

---

[5] Thompson asserts that he filed his instant PCRA Petition within sixty days of the dates on which the newspaper articles were published. *See* Brief for Appellant at 12; *see also* 42 Pa.C.S.A. § 9545(b)(2).

set forth at section 9545(b)(1)(iii),[6] and not the newly discovered facts exception.[7]

Thompson argues that he is entitled to a remand for resentencing because "the mandatory sentences imposed upon him under 42 Pa.C.S.A. § 7508 and 42 Pa.C.S.A. § 9712.1" are illegal. Brief for Appellant at 16-17. Thompson asserts that both of these statutes were rendered unconstitutional by *Alleyne*, pointing out that they "allow for the sentencing judge to impose a mandatory minimum sentence after finding[,] by a preponderance of the evidence[,]" that the requirements of each respective statute are met. *Id.* at 17 (citing *Newman*, 99 A.3d at 103 (holding that "*Alleyne* … renders 42 Pa.C.S.A. § 9712.1 unconstitutional"), and *Commonwealth v. Watley*, 81 A.3d 108, 117 n.4 (Pa. Super. 2013) (*en banc*) (observing that *Alleyne* rendered 42 Pa.C.S.A. § 7508 "constitutionally infirm insofar as [it]

---

[6] The newly recognized constitutional right exception provides as follows:

> Any petition under this subchapter … shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that[] … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and *has been held by that court to apply retroactively*.

42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added).

[7] "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013). Therefore, *Alleyne*, a judicial decision, is not a "fact" that satisfies section 9545(b)(1)(ii).

permit[s] a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.")).

Initially, contrary to Thompson's assertion, there is no indication in the record that the trial court imposed a mandatory minimum sentence under 42 Pa.C.S.A. § 9712.1.[8]  Indeed, the trial court stated in its Rule 907 Notice that "[Thompson] was not subjected to any mandatory minimum sentences for his use of a gun during the commission of any of the crimes of which he was convicted."[9]  Pa.R.A.P. 907 Notice, 7/23/14, at 2 n.1.

Thompson is correct that *Alleyne* rendered section 7508 constitutionally infirm because the statute allows the sentencing court to determine, by only a preponderance of the evidence, whether the mandatory minimum sentence applies.  *See Commonwealth v. Fennell*, 105 A.3d 13, 20 (Pa. Super. 2014) (relying upon this Court's decision in *Newman*, and holding that *Alleyne* rendered 42 Pa.C.S.A. § 7508 facially

---

[8]  Neither the transcript of the sentencing hearing, nor the sentencing Order/Guideline Sentencing Forms mentions section 9712.1.  Furthermore, in the Commonwealth's Notice of Mandatory Sentencing, it gave notice concerning only the provisions of 42 Pa.C.S.A. § 7508.

[9] We observe that, concerning Thompson's conviction of REAP, the Guideline Sentencing Form indicates that the sentence imposed on that conviction was influenced by the *deadly weapon enhancement*, based upon Thompson's possession of a firearm during one or more of the drug transactions.  *See Commonwealth v. Valentine*, 101 A.3d 801, 813 (Pa. Super. 2014) (Gantman, P.J., concurring) (stating that a trial court can apply a deadly weapon enhancement to a defendant's sentence without running afoul of *Alleyne* and *Newman*).  However, neither this form nor the record as a whole indicates that Thompson was sentenced under 42 Pa.C.S.A. § 9712.1.

unconstitutional); *see also Watley, supra*. Nevertheless, we conclude that *Alleyne* is unavailing to Thompson.

Presuming that Thompson had invoked the newly recognized constitutional right exception, he failed to do so in a timely manner. *Alleyne* was decided on June 17, 2013. Thompson did not file the instant PCRA Petition until May 9, 2014, well over sixty days after the date the claim could have been presented; therefore, Thompson failed to meet the timeliness requirement of 42 Pa.C.S.A. § 9545(b)(2). *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly] recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Moreover, this Court has held that even if *Alleyne* is interpreted as enunciating a newly recognized constitutional right, such right is not applicable retroactively to cases on PCRA review. *See Miller*, 102 A.3d at 995. Specifically, the Court in *Miller* held as follows:

> **Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively** to cases in which the judgment of sentence had become final. … This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Id.* (emphasis in original, citations omitted). We acknowledge that Thompson's claim concerning *Alleyne* goes to the legality of his sentence;

- 8 -

nevertheless, this Court has held that "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013).

Finally, Thompson has filed a *pro se* "Application for Stay and Abeyance" with this Court, requesting a stay in light of our Pennsylvania Supreme Court's recent decision in *Commonwealth v. Hopkins*, 2015 Pa. LEXIS 1282, *2 (Pa. 2015) (holding that "*Alleyne* renders [18 Pa.C.S.A. §] 6317 [(setting forth a mandatory minimum sentence for certain drug crimes committed in a school zone)] unconstitutional and, further, that, in light of clear legislative intent, severance of the violative provisions from the statute is not permissible."). Upon review, we conclude that *Hopkins* is unavailing to Thompson, and, therefore, deny his Application for Stay and Abeyance.

Accordingly, because *Alleyne* is unavailing to Thompson, and he failed to meet the newly recognized constitutional right exception, or any other timeliness exception, none of Thompson's issues entitle him to relief.[10] The

---

[10] To the extent that Thompson argues the PCRA court erred by denying him *habeas corpus* relief, **see** Brief for Appellant at 21-22, it is well-established that "[t]he PCRA … subsumes the remed[y] of *habeas corpus*" where, as here, the PCRA provides a remedy for the claim. *Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013); **see also** 42 Pa.C.S.A. § 9542; *Commonwealth v. Peterkin*, 722 A.2d 638, 641 (Pa. 1998) (holding that because an untimely PCRA petition was premised on claims that were cognizable under the PCRA, the statutory writ of *habeas corpus* was unavailable). Because Thompson is not entitled to relief under the PCRA, his claim in this regard lacks merit.

PCRA court properly dismissed Thompson's second PCRA Petition as untimely.

Order affirmed. Thompson's Application for Stay and Abeyance denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2015